# CHARLESTON.

KINGWOOD GAS, COAL & IRON CO. v. HALBRITTER.

Submitted June 11, 1909.    Decided February 14, 1911.

FRAUDULENT CONVEYANCES—*Husband and Wife—Presumptions.*

A case in which the presumption against the *bona fides* of conveyances to a wife arises and is not overcome by proof on her part.

Appeal from Circuit Court, Preston County.

Action by the Kingwood Gas, Coal & Iron Company against Lovilla A. Halbritter and others. Decree for plaintiff, and the mentioned defendant appeals.

*Affirmed.*

*F. E. Parrack* and *William G. Conley,* for appellant.

*P. J. Crogan,* for appellee.

ROBINSON, JUDGE:

This suit is one to set aside conveyances of land to a wife as fraudulent and invalid so far as the debt of the husband to plaintiff is concerned, and to subject the land to the payment of the debt. The cause was heard on a sufficient bill, answer thereto, and depositions. Full relief has been decreed to the plaintiff. The appeal demands a review of the cause.

It indeed suffices to say that the pleadings and evidence fully sanction the decree. A careful examination of the whole record discloses no error. No new principles are involved. We shall not at length re-iterate old ones. From the case presented, a presumption of fraud arises. The conveyances are shown to have been made at such times and under such circumstances, as to raise a presumption against the good faith of the transactions, which presumption the wife must affirmatively overcome. In this she has wholly failed. The case is simply one in which the wife has not sustained the burden of affirmatively showing that she paid for the property with money derived from sources other than her husband. It is not shown by distinct and positive evidence that the wife paid for the land by her own means. "When a wife claims, in a contest against the creditors of her

husband, to have purchased and improved real estate, there is a presumption against the *bona fides* of the transaction, which she cannot overcome except by clear and ' full proof that the property and improvements were paid for by her with money derived from some source other than her husband." *Miller* v. *Gillespie,* 54 W. Va. 450.

The decree will be affirmed.           *Affirmed.*